991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Enrique FABELA-FABELA, Defendant-Appellant.
 No. 92-1263.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Enrique Fabela-Fabela appeals from his criminal conviction for illegal reentry of an alien after deportation for conviction violation of 18 U.S.C. § 1326. The sole issue an appeal is whether the district court erred in refusing to grant a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Finding no error, we affirm.
 
 
 2
 Defendant is a Mexican citizen who speaks Spanish. His wife and child live in the United States. This case was initiated by the United States Border Patrol after officials in Grand Traverse County, Michigan picked defendant up for drunk driving. Border Patrol officers learned that he had been previously deported on at least two occasions, both of which followed felony convictions for criminal activity.
 
 
 3
 Defendant entered into a plea agreement with the government pursuant to Fed.R.Crim.P. 11(e)(1)(C). The agreement provided that if the pre-sentence investigator thought defendant was entitled to a two-part reduction for acceptance of responsibility the government would not oppose it.
 
 
 4
 Defendant pled guilty to a one-count indictment on December 2, 1991. The pre-sentence investigator did not recommend the two-point reduction because of defendant's history of illegal entry to the United States and his purported statements to the pre-sentence investigator through the interpreter, that he would re-enter the United States, either legally or illegally, if deported again.
 
 
 5
 At the sentencing hearing the district court questioned defendant about what he told the pre-sentence investigator. Defendant stated that if deported again he "... was going to try to arrange my papers to return to the United States again because my wife is here and my son, and that's what I told him. But I didn't tell him if I returned to Mexico, that I would return by force." The district court adopted the view of the pre-sentence investigator, however, explaining that:
 
 
 6
 This Court has listened carefully to the Defendant and the presentence officer. It appears that the most logical explanation for the divergence is that it is the Defendant's position that he would not forcefully and/or criminally get into the United States again. He said he wouldn't do that, but that he does intend to return to the United States. This is where, as he indicated, his wife and child are. I think that context makes it more plausible that his explanation as given by the presentence officer is the believable one, and that is he will first attempt to get in with papers through immigration, and if that's not successful he'll get in another way.
 
 
 7
 Now, I concur with the Defendant in terms of the fact that he probably did not say he would get with force and return by force and return criminally at least in his own mind. But that still does not negate the fact that he indicated he intended to come back to the United States.
 
 
 8
 The question of sincere contrition or the question of acceptance of responsibility requires some form of remorse, some form of regret for what happened. I don't think on the witness stand today, nor do I think in the presentence report there is any testimony, really, of regret, remorse, contrition for the criminal activity at issue. So therefore, I find the presentence report is accurate and would allow it to stand in this matter.
 
 
 9
 The district court's decision not to grant the two-level reduction for acceptance of responsibility is a factual issue subject to a clearly erroneous standard of review. 18 U.S.C. § 3742(e)(4); United States v. Sivils, 960 F.2d 587, 596 (6th Cir.), cert. denied, 113 S.Ct. 130 (1992). Because of his unique position to evaluate a defendant's acceptance of responsibility, a sentencing judge's determination is entitled to great deference on review. U.S.S.G. § 3E1.1, comment. (n. 5).
 
 
 10
 Admittedly, the fact that defendant had to speak through an interpreter made it more difficult for defendant to communicate his attitude about the offense to which he pled guilty. The sentencing court, however, made inquiries through an interpreter at sentencing regarding defendant's attitude and intentions about re-entry after deportation, and made a factual finding that defendant was not remorseful. See § 3E1.1 comment. (n. 2) (adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial, is convicted, and only then admits guilt and expresses remorse); United States v. Morrison, 983 F.2d 730, 735 (6th Cir.1993) ("true remorse for specific criminal behavior is the issue" under § 3E1.1(a)); United States v. Chalkias, 971 F.2d 1206, 1216 (6th Cir.) ("[b]ecause the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the 'clearly erroneous' standard will nearly always sustain the judgment of the district court...." (citation omitted), cert. denied, 113 S.Ct. 351 (1992). Accord, United States v. Chambers, 944 F.2d 1253, 1270 (6th Cir.1991) ("this circuit recognized that courts have historically considered sincere remorse as a factor calling for leniency in sentencing and joined those circuits which have uniformly upheld the constitutionality of section 3E1.1"), cert. denied, 112 S.Ct. 1217 (1992). We cannot say that the district court's factual finding was clearly erroneous. 18 U.S.C. § 3742(e)(4); Sivils, 960 F.2d at 596.