notion advanced by Elzy that the Government's alleged breach of a plea agreement may be raised for the first time in a § 2255 motion without regard to the law of procedural default. Moreover, we see no need in this case to invite supplemental briefs from the parties on the issue, as the procedural default is manifest in the record and there is nothing further that the parties could bring to our attention that could bear upon the default.

### III. Conclusion

For the foregoing reasons, the district court's denial of Elzy's § 2255 motion is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Reyes CASTILLO–GARCIA,
Defendant–Appellant.**

**No. 98–2278.**

United States Court of Appeals,
Sixth Circuit.

Submitted: Dec. 9, 1999

Decided and Filed: March 3, 2000

Daniel Y. Mekaru, Office of the U.S. Attorney for the Western District of Michigan (briefed), Grand Rapids, MI, for Appellee.

Sharon A. Turek, Federal Public Defenders Office (briefed), Grand Rapids, MI, for Appellant.

Before: BOGGS and SUHRHEINRICH, Circuit Judges; POLSTER, District Judge.*

## OPINION

POLSTER, District Judge.

Defendant–Appellant Reyes Castillo–Garcia ("Castillo–Garcia") appeals his sentence, specifically challenging the district court's refusal to grant a reduction for acceptance of responsibility. For the reasons that follow, the decision of the district court is **AFFIRMED**.

### I.

Castillo–Garcia pled guilty on July 23, 1998 to an indictment charging him with re-entering the United States after deportation in violation of 8 U.S.C. § 1326(a). He was sentenced on November 6, 1998 to a term of imprisonment for 96 months (at the top of the guidelines range for offense level 24 and criminal history category IV). The district court rejected appellant's request for a reduction for acceptance of responsibility, finding that his history of illegal re-entries and his statement to the Probation Officer suggested no true remorse. Castillo–Garcia filed a timely notice of appeal on November 16, 1998.

The sole issue on appeal is whether the district court committed clear error in denying Castillo–Garcia's request for a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. As discussed below,

the district court did not err in making this decision.

### II.

Section 3E1.1 of the Sentencing Guidelines provides that:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.[1]

United States Sentencing Commission, *Guidelines Manual*, § 3E1.1 (Nov.1998).

■ Application Note 3 to the Guidelines instructs that while "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility," this evidence may nonetheless "be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility" U.S.S.G. § 3E1.1, comment. (n.3). Thus, merely pleading guilty does not entitle a defendant to an adjustment "as a

---

* The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

1. The only issue here is whether the district court's decision not to grant the 2–level re-

duction was clearly erroneous. Had the district court granted the 2–level reduction, Castillo–Garcia would then have been eligible for, and likely would have likely received, a reduction of an additional level.