*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0076P (6th Cir.)
File Name: 00a0076p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*                                     No. 98-2278

REYES CASTILLO-GARCIA,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 98-00085—Robert Holmes Bell, District Judge.

Submitted: December 9, 1999

Decided and Filed: March 3, 2000

Before: BOGGS and SUHRHEINRICH, Circuit Judges;
POLSTER, District Judge.[*]

_____

### COUNSEL

**ON BRIEF:** Sharon A. Turek, FEDERAL PUBLIC
DEFENDERS OFFICE, Grand Rapids, Michigan, for

_____

[*] The Honorable Dan Aaron Polster, United States District Judge for
the Northern District of Ohio, sitting by designation.

Appellant.   Daniel Y. Mekaru, OFFICE OF THE U.S. ATTORNEY FOR THE WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellee.

————————————

## OPINION

————————————

DAN AARON POLSTER, District Judge.   Defendant-Appellant Reyes Castillo-Garcia ("Castillo-Garcia") appeals his sentence, specifically challenging the district court's refusal to grant a reduction for acceptance of responsibility. For the reasons that follow, the decision of the district court is **AFFIRMED**.

### I.

Castillo-Garcia pled guilty on July 23, 1998 to an indictment charging him with re-entering the United States after deportation in violation of 8 U.S.C. §1326(a).   He was sentenced on November 6, 1998 to a term of imprisonment for 96 months (at the top of the guidelines range for offense level 24 and criminal history category IV).   The district court rejected appellant's request for a reduction for acceptance of responsibility, finding that his history of illegal re-entries and his statement to the Probation Officer suggested no true remorse.   Castillo-Garcia filed a timely notice of appeal on November 16, 1998.

The sole issue on appeal is whether the district court committed clear error in denying Castillo-Garcia's request for a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.   As discussed below, the district court did not err in making this decision.

### II.

Section 3E1.1. of the Sentencing Guidelines provides that:

(a)   If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b)   If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1)   timely providing complete information to the government concerning his own involvement in the offense; or

(2)   timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.[1]

United States Sentencing Commission, *Guidelines Manual*, § 3E1.1 (Nov. 1998).

Application Note 3 to the Guidelines instructs that while "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction ... will constitute significant evidence of acceptance of responsibility," this evidence may nonetheless "be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility" USSG § 3E1.1, comment. (n.3).  Thus, merely pleading guilty does

---

[1]The only issue here is whether the district court's decision not to grant the 2-level reduction was clearly erroneous.  Had the district court granted the 2-level reduction, Castillo-Garcia would then have been eligible for, and likely would have likely received, a reduction of an additional level.

not entitle a defendant to an adjustment "as a matter of right." *United States v. Wolfe*, 71 F.3d 611, 616 (6th Cir. 1995).

Application Note 5 to § 3E1.1 further discusses the applicable standard of review: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review" USSG § 3E1.1, comment. (n.5). Because it is generally a question of fact, the trial court's determination of whether a defendant has accepted responsibility normally enjoys the protection of the "clearly erroneous" standard, and will not be overturned unless it is without foundation. *United States v. Morrison*, 983 F.2d 730, 732 (6th Cir.1993) (citing *United States v. Wilson*, 878 F.2d 921, 923 (6th Cir. 1989)). Applying these standards, the court considers the merits of appellant's arguments.

## III.

Castillo-Garcia argues that his efforts to accept responsibility are not outweighed by the fact that he has re-entered the country illegally on previous occasions. He notes that the inquiry under §3E1.1 is "limited to 'acceptance of the offense of conviction' not for illegal conduct generally." *United States v. Moored*, 997 F.2d 139, 145 (6th Cir. 1993). This is precisely the inquiry made by the district court.

While it is true that entering a guilty plea prior to trial combined with admitting to the underlying illegal conduct generally shows acceptance of responsibility, the reduction is not automatic. It is particularly appropriate to refuse a downward adjustment for acceptance of responsibility when a defendant is a repeat offender of the same statute. *See United States v. Childers*, 86 F.3d 562, 563-64 (6th Cir. 1996). Castillo-Garcia has been deported before for committing crimes in this country, and the district court was suspicious that Castillo-Garcia would again illegally re-enter the country. Lack of true remorse is a valid consideration under §3E1.1. *See United States v. Morrison*, 983 F.2d 730, 735 (6th Cir. 1993).

The district court's disbelief in Castillo-Garcia's remorse was well founded. When the Probation Officer asked him what he intended to do after being deported, the defendant replied that he intended to come back (JA 24).[2] Additionally, when given the opportunity to address the court at sentencing, Castillo-Garcia did not express remorse or contrition for his actions. *See United States v. Fabela-Fabela*, No. 92-1263, 1993 WL 103248 (6th Cir. April 7, 1993).

The sentencing court explicitly stated that it was refusing to grant the downward adjustment as an exercise of discretion, and that it believed such a decision should be "a very rare occurrence that should be undertaken only very carefully by the district judge" (JA 29).

There is no evidence of malice on the part of the sentencing judge. To the contrary, the court granted each of defendant's requests for (1) treatment of his medical condition, (2) substance abuse therapy, and (3) educational or vocational training. In addition, the sentencing judge considered the defendant's financial circumstances and waived any fine in the case.

## IV.

The district court clearly articulated its basis for not granting the reduction for acceptance of responsibility, and there is ample support in the record for this conclusion. Accordingly, we **AFFIRM** the sentence.

---

[2]After a pause, the defendant stated that he would try to get permission to come back (JA 24).