NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0486n.06

No. 12-2537

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 07, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| ROCKIE PEACOCK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

_____

BEFORE:   BOGGS and MOORE, Circuit Judges; and BARRETT, District Judge.*

BOGGS, Circuit Judge:   Rockie Peacock appeals the sentence of imprisonment and supervised release imposed pursuant to a conviction for manufacture of marijuana.   He appeals on two grounds.   First, Peacock argues that he should have been given a two-level reduction in his guidelines offense level for acceptance of responsibility.   Second, Peacock argues that the district court imposed a special condition of supervised release in error.   For the reasons below, we vacate Peacock's sentence and remand for resentencing.

I

In April 2011, Mecosta County Sheriff's deputies accompanied state parole officers on an unannounced visit to the house of then-paroled felon Rockie Peacock following receipt of an anonymous tip that Peacock was in possession of marijuana and firearms.   Upon arrival, the

_____

*The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

1

officers knocked at the front door and, when there was no answer, walked around the outside of his house. As they did so, the officers observed a number of marijuana plants in the basement. Having discovered this parole violation, several of the officers entered the house to arrest Peacock. As they entered through the garage door, Peacock attempted to flee out a rear door of the basement. He was apprehended, arrested, and returned to the house.

In searching Peacock's house, the officers discovered, with Peacock's assistance, evidence of marijuana growing and manufacturing. They also discovered a number of firearms: a .30-06-caliber rifle, a .22-caliber rifle, a 12-gauge shotgun and a .50-caliber muzzleloader. Peacock was charged in a two-count indictment with violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 21 U.S.C. § 841(a)(1), (b)(1)(D) (manufacture of marijuana).

The district court denied Peacock's motion to suppress the evidence discovered at his house and the case proceeded to a jury trial at which Peacock's opening statement included an admission that he was guilty of manufacturing marijuana. Peacock maintained his innocence as to the firearms count, arguing that, although the weapons were in his house, they belonged to others in the household. The jury returned a verdict of guilty on the count of manufacturing marijuana and a verdict of not guilty on the count of being a felon in possession of a firearm.

Following the conviction, the probation office submitted a presentence report (PSR). The PSR calculated Peacock's offense level at 17 and did not provide for a reduction for acceptance of responsibility because he "put the government to its burden of proof by contesting the factual elements of his guilt at trial." The PSR further calculated a criminal history category of VI, which led to an ultimate guidelines range of 51 to 63 months. Because the statutory maximum for the offense is 60 months, the PSR established a final range of 51 to 60 months.

Peacock's sentencing memorandum stated no objections to the PSR or its range calculation, though it did state that the, "[d]efendant was cooperative with authorities after they arrived at his house," and that, "an argument could be made that Defendant should receive sentencing guidelines points for 'acceptance of responsibility,' because Defendant conceded to the jury that the growing operation was his."

At sentencing, the court asked Peacock if he had any objections to the guidelines calculation in the PSR. Peacock responded that he did not. He did, however, request that the court exercise its discretion by imposing a lenient sentence in light of his admissions and his assistance at the time of his arrest.

The court rejected leniency, opting instead for the statutory maximum of 60 months' imprisonment to be served consecutively to any state sentences. The court also imposed three years of supervised release with several special conditions including a period of ineligibility for certain federal benefits such as grants, contracts, loans, and professional or commercial licenses.

At the conclusion of the sentencing hearing, the court again asked Peacock if he had any objections to the sentence and Peacock again responded that he did not. Peacock filed a timely appeal in which he challenged, for the first time, both the court's guidelines range calculation and the imposition of ineligibility for federal benefits.

II

Because Peacock raises both objections for the first time on appeal, they are forfeited and are subject to review for plain error. A claim that the district court imposed a sentence in error must be preserved for appeal by objection at sentencing, otherwise it is forfeited. Fed. R. Crim. P. 51(b). *See United States v. Olano*, 507 U.S. 725, 731 (1993). When forfeited arguments are

3

raised on appeal, they are reviewed for plain error if, as in this case, they affect the defendant's substantial rights. *See* Fed. R. Crim. P. 52(b). *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). Plain error is a demanding standard of review because the "plain-error exception to the contemporaneous-objection rule is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Young*, 470 U.S. 1, 15 (1985) (internal quotation marks omitted). In order to demonstrate plain error, a defendant must show "(1) error (2) that was obvious or clear (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Phillips*, 516 F.3d 479, 487 (6th Cir. 2008); *see also Olano*, 507 U.S. 725 at 732–736 (1993).

## III

### A

Peacock argues for the first time on appeal that the district court erred in calculating the sentencing guidelines range by not including a two-level reduction for acceptance of responsibility. We review this forfeited claim for plain error.

Both the government and Peacock misstate the law in urging review for procedural and substantive reasonableness. (Appellant's Br. 9; Appellee's Br. 12). The guidelines demand greater deference in the review of a district court decision refusing a reduction for acceptance of responsibility than we typically accord other aspects of sentencing. This is because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. §3E1.1, n.5. In these cases, "[t]he burden is on the defendant to convince the reviewing court that the trial court erred in failing to rule that the defendant accepted responsibility." *United*

4

*States v. Wolfe*, 71 F.3d 611, 616 (6th Cir. 1995). Moreover, "the trial court's determination of whether a defendant has accepted responsibility . . . will not be overturned unless it is without foundation." *United States v. Castillo-Garcia*, 205 F.3d 887, 889 (6th Cir. 2000).

Peacock mischaracterizes the determination made by the district court at sentencing. He portrays the district court as having denied a requested two-level reduction for acceptance of responsibility based on impermissible considerations at the time of sentencing. In fact, Peacock made no such request. What Peacock asked for was a lenient sentence.

Peacock failed to object to the guidelines-range calculation on three separate occasions in the course of sentencing. First, the probation office recommended a guidelines-range calculation in the PSR. The PSR explained (somewhat misleadingly) that Peacock was not entitled to a two-level reduction for acceptance of responsibility because he "put the government to its burden of proof by contesting the factual elements of his guilt at trial." Peacock failed to object to the PSR calculation in his sentencing memorandum. It is true that Peacock's memorandum stated that "an argument could be made that Defendant should receive sentencing guidelines points for 'acceptance of responsibility.'" However, pointing out that an argument *could* be made is not the same as making it. Peacock's second opportunity to object came when the district court recited the PSR's guidelines-range calculation at the opening of the sentencing hearing. When the court asked if there were any objections, "from the defense to the guidelines?" Peacock's counsel answered "No." Peacock missed his third opportunity when he failed to object at the conclusion of the sentencing hearing in response to the district court's final request for objections.

To make matters worse, not only did Peacock not ask for the two-level reduction, his attorney specifically disavowed any such request: "I did not raise a challenge because I had no

5

legal authority to do so.   No law to back me up. . . .   But you could still factor it in your sentence, Your Honor.   You have wide discretion here."

What Peacock actually requested was not a two-level reduction for acceptance of responsibility, but a lighter sentence than that recommended by the probation office.   And it was in exactly this light that the court interpreted his request, evidenced by the court's reference to Peacock's "entreaties" for a "variance":   "When somebody comes back with a fourth drug conviction, I don't think that they are in a position convincingly to ask for a variance or departure. So for those reasons I would reject [Peacock's] entreaties."

The district court fashioned a sentence informed by a consideration of the § 3553 factors, including those factors requiring that sentences "promote respect for the law" and "afford adequate deterrence."   This is the sentencing process required by the law.   18 U.S.C. § 3553(a)(2)(A)–(B). *See United States v. Webb,* 403 F.3d 373, 383–85 (6th Cir. 2005).

It is true that the PSR wrongly implied that Peacock was necessarily ineligible for a reduction for responsibility because he "put the government to its burden of proof by contesting the factual elements of guilt at trial," he probably should not have received the reduction.   In fact, contesting the factual elements of guilt at trial does not automatically foreclose the possibility of a reduction for acceptance of responsibility.   The Guidelines Manual itself notes this and, though focusing on legal and constitutional instead of factual challenges, makes allowance for "rare situations" when a defendant can accept responsibility while exercising his right to a trial. USSG § 3E1.1, n.2.

Typically, however, a reduction for acceptance of responsibility is accorded to a defendant who enters "a plea of guilty prior to the commencement of trial" and "truthfully admit[] the

6

conduct comprising the offense." USSG § 3E1.1, n.3. Admittedly, "[t]he entry of a guilty plea does not obligate the court to find that a reduction is appropriate," but the application notes and the law presume that most reductions for acceptance of responsibility are applied following a plea of guilty. *Webb*, 335 F.3d 534, 538 (6th Cir. 2003); *see United States v. Jeter*, 191 F.3d 637, 641 (6th Cir. 1999) (predicating the denial of the two-level reduction on "some conduct that the court can find is inconsistent with the specific acceptance of responsibility referred to in the Commentary, namely the acceptance of the guilty plea"), *abrogated on other grounds by Buford v. United States*, 532 U.S. 59 (2001). Peacock, however, did not plead guilty to the charges.

Peacock claims, misleadingly, that the only reason the case went to trial was because the government "decided to pursue a trial to obtain a conviction on the felon in possession charge." (Appellant's Br. 13–14.) This was not the disposition of the charges before trial. Nothing prevented Peacock from pleading guilty to the marijuana count. He chose to plead not guilty to the drug charge, opting to keep his powder dry in order to present an unqualified admission of guilt as the opening salvo of the trial: "He's guilty. He's guilty of that. I expect you to convict him of that . . . ." The government could not have "demanded a guilty plea also on the firearms charges" except in the context of plea negotiations. (Reply Br. 1.) Peacock was perfectly entitled to reject any proffered agreement and instead to plead guilty as to one count of the indictment while pleading not guilty to the other. Fed. R. Crim. P. 11(a)(1) ("A defendant may plead not guilty, guilty, or (with the court's consent) nolo contendere."). Such a course of action, at least as to the count admitted to, could have provided the court with some "significant evidence" of acceptance of responsibility attendant to a guilty plea. USSG § 3E1.1, n.3. To the extent that the plea of not

7

guilty and the dramatic admission in the opening statement were trial tactics, Peacock must take the consequences of his maneuvers along with their benefits, potential or realized.

Under these circumstances, the court committed no plain error.

B

Peacock argues, again for the first time on appeal, that the district court committed reversible error in imposing a period of ineligibility for federal benefits. He claims that the court's pronouncement of sentence was unclear as to what provision of 21 U.S.C. § 862 the court acted under. He also argues that no provision of the statute could support the sentence as it was imposed. Peacock is correct and we remand for resentencing.

At the very end of the sentencing hearing the court concluded its oral pronouncement of sentence:

> And finally, because this is now his fourth drug conviction, the federal statute requires me to impose, and I intend to impose this condition, that Mr. Peacock not apply for any grant, contract, loan, processional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States.

That the ineligibility for federal benefits was specifically contemplated as a condition of Peacock's supervised release is clear—it was the final element of a list of special conditions announced at sentencing. This intention is further reflected by the written judgment in which the ineligibility appears as a special condition of supervised release.

The result is a sentence that is infirm for two reasons. First, because it is not possible to determine under which provision of § 862 Peacock was sentenced and second, because no provision of § 862 contemplates loss of federal benefits as a condition of supervised release.

As to the first reason, there are two potential parts of § 862 that might be involved in Peacock's sentence, but it is impossible on review to determine which one the district court had in

8

mind in pronouncing sentence. The first clue comes in the form of the district court's reference to a mandatory sentence: "the federal statute requires me to impose, and I intend to impose . . . ."

Two sections of § 862 call for a mandatory loss of federal benefits. Under § 862(a), "drug traffickers," a *third* or subsequent conviction for *distribution* requires mandatory permanent disqualification for federal benefits. 21 U.S.C. § 862(a)(1)(C). Under § 862(b), "drug possessors," a *second* or subsequent conviction for *possession* requires the imposition of a mandatory period of ineligibility that is discretionary as to length, up to five years. 21 U.S.C. § 862(b)(1)(B).

The district court's pronouncement sheds little light on which provision might be the basis of the penalty. The court imposed ineligibility because "this is now his fourth drug conviction." However, the court did not indicate whether the drug conviction was for possession or for distribution. Further, while the pre-sentence report (PSR) explicitly specified § 862(a)(1)(C) and its attendant permanent ineligibility among its recommended sentencing options, this could not have been the provision relied upon because the court applied the punishment only for the term of Peacock's supervised release (three years) and not permanently as required by § 862(a)(1)(C).

In sum, the district court pronounced its oral sentence in such a way as to make it impossible on appellate review to determine the statutory authority under which the penalty was imposed. In order to give the district court an opportunity to clarify its sentence, we remand for resentencing.

There is a second, even more serious reason that the sentence in infirm. Peacock's ineligibility for federal benefits was imposed as a special condition of supervised release. This violates the terms of the statute, no section of which contemplates that ineligibility, once imposed

9

at sentencing, would then be suspended for the convict's term of incarceration only then to be re-imposed upon supervised release. In fact, the statute could not be clearer: the penalty is to be enforced immediately upon conviction. 21 U.S.C. § 862(a)(1)(A) (". . . : shall—upon a third or subsequent conviction"); § 862(b)(1)(B) ("upon a second or subsequent conviction . . . ."). The district court was not authorized to impose § 862 ineligibility as a condition of supervised release. If any portion of § 862 is applied, the penalty must take effect immediately upon conviction. We remand for the district court to correct Peacock's sentence.

Either of the problems identified above satisfies the heightened standard for plain error-review. The errors were plain and they affected Peacock's substantial rights by denying him federal benefits on a basis that was unclear and that may have been unauthorized by law or that may have overstated (or understated) the punishment he should receive. And, because the sentence was imposed based on a completely erroneous application of the law, it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732.

It is true that appellate courts have held in the past that appeals challenging the erroneous imposition of ineligibility for federal benefits cannot overcome the hurdle of plain-error review unless the appellant points to the specific federal benefits for which he would have applied. *See, e.g., United States v. Silva-De Hoyos*, 702 F.3d 843, 850 (5th Cir. 2012). This case is different. Here, the court did not apply the statute correctly but err merely in imposing the wrong number of years under the wrong sub-section. *See id.* at 847–48. Instead, the court applied a statute that was meant to penalize a defendant upon conviction as a condition of his later supervised release.

10

IV

For the reasons stated above, we VACATE the sentence and REMAND to the district court for resentencing consistent with this opinion.